UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MOORE,

        Plaintiff,        Case No. 2:16-cv-10

v.        Honorable Gordon J. Quist

UNKNOWN OLSON,

        Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Anthony Lamont Moore filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Unknown Olson, Resident Unit Manager Unknown Perttu, Inspector Unknown Taskila, Assistant Resident Unit Supervisor Unknown Loop, and Lieutenant Unknown Bull. Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that since he filed the instant lawsuit, Defendants have retaliated against him by shaking down his cell, falsifying misconduct tickets on him, lying in grievance responses, and threatening to move him to G-unit to be retaliated against by Corrections Officers "Axley and Deb or Dabb."

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641, 643 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff alleges that the Defendants have retaliated against him for filing this lawsuit by shaking down his cell, writing false misconduct tickets on him, lying in grievance responses, and threatening to transfer him to an undesirable unit in the prison. However, Plaintiff fails to specify the relief being sought in this motion. Assuming that Plaintiff is seeking an order to prevent Defendants from continuing to retaliate against him, such an order is unnecessary. As Prison

officials, Defendants already have a constitutional obligation to avoid retaliating against Plaintiff. Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: May 12, 2016                                              /s/ TIMOTHY P. GREELEY
                                                                 TIMOTHY P. GREELEY
                                                                 UNITED STATES MAGISTRATE JUDGE