UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTHONY LAMONT MOORE,

    Plaintiff,

v.                                            Case No. 2:16-CV-10

UNKNOWN OLSON, et al.,                HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a state prisoner confined with the Michigan Department of Corrections, sued several Defendants pursuant to 28 U.S.C. § 1983 alleging that they violated his rights under the First, Eighth and Fourteenth Amendment by retaliating against him and failing to protect him from a known risk of harm. Plaintiff filed a motion for a temporary retraining order and for a preliminary injunction. (ECF No. 4.) On May 12, 2015, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Plaintiff's motion. Applying the preliminary injunction factors, *see In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985), the magistrate judge concluded that Plaintiff failed to demonstrate both a substantial likelihood of success on the merits and that he will be irreparably harmed if the requested relief is not granted. (R & R at 1.) In addition, the magistrate judge noted that Plaintiff failed to specify in his motion the relief he was seeking. (*Id.* at 2.) The magistrate judge stated that "[a]ssuming that Plaintiff is seeking an order to prevent Defendants from continuing to retaliate against him, such an order is unnecessary [because] . . . [a]s Prison officials, Defendants already have a constitutional obligation to avoid retaliating against Plaintiff." (*Id.* at 2–3.)

Plaintiff has filed Objections to the R & R, asserting that the magistrate judge erroneously concluded that Plaintiff failed meet his burden of establishing the need for injunctive relief.

After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Initially, the Court concurs with the magistrate judge's observation that Plaintiff has not shown a substantial likelihood of success. This is not to say that Plaintiff cannot ultimately prevail on the merits of his claim, but at this juncture Plaintiff has not met the high burden of demonstrating a substantial likelihood of success on his claims. Plaintiff's argument that there is a "high[] possibility" that he will prevail on his claim does not meet the "substantial likelihood" requirement. Plaintiff cites *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 402 (6th Cir. 1997), for the proposition that "it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." While Plaintiff's complaint survived initial screening, however, the Court finds that Plaintiff has not met this standard.

The Court also rejects Plaintiff's argument that he has demonstrated irreparable harm. As the magistrate judge observed, the harms Plaintiff identified—alleged acts of retaliation—are not irreparable, as they may be remedied through an award of damages in a civil rights case. Finally, acknowledging that he failed to specify the relief he sought in his motion, Plaintiff now requests that the Court require that Plaintiff be transferred to another prison or order "the staff" to stop violating Plaintiff's constitutional rights. As to the latter request, as the magistrate judge noted, injunctive relief is unnecessary because Defendants are already obligated to not violate Plaintiff's constitutional rights. With regard to Plaintiff's request to be transferred to another prison, this Court is particularly mindful that courts are generally hesitant to interfere with matters of prison

2

administration and should defer to the professional judgment of prison administrators. *See Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167 (2003). Accordingly, the Court will deny Plaintiff's request for injunctive relief.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 12, 2016 (ECF No. 7) is **ADOPTED** as the Opinion of the Court. Plaintiff's Motion for a Temporary Restraining order and Preliminary Injunction (ECF no. 4) is **DENIED**.

Dated: June 17, 2016 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE