UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MOORE,

      Plaintiff,

v.                                                          Case No.  2:16-CV-10

KATHLEEN OLSON, et al.,                                     HON. GORDON J. QUIST

      Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Anthony Moore, is currently an inmate with the Michigan Department of Corrections.  Pursuant to 42 U.S.C. § 1983, Plaintiff allegesthat Defendants were deliberately indifferent to a risk that another inmate would assault him.  (ECF No. 1.)  Defendants moved for summary judgment, arguing that they were entitled to judgment as a matter of law, or, in the alternative, that they were entitled to qualified immunity.  (ECF No. 43.)  On July 11, 2017, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that Defendants' motion for summary judgment be granted as to all of Plaintiff's claims.  (ECF No. 56.)  Plaintiff timely objected.  (ECF No. 58.)  Upon receiving objections to a Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  After conducting a de novo review of the R & R, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Defendants argued that they are entitled to qualified immunity.  A plaintiff's claim survives the defense of qualified immunity at summary judgment if (1) "the facts alleged make out a

violation of a constitutional right" and (2) "the right at issue was 'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009)). The Court can address these issues in any order. *Id.* When conducting the first part of the qualified immunity analysis, "the Court considers only the facts that were knowable to the defendant officers." *White v. Pauly*, ____ U.S. ___, 137 S. Ct. 548, 550 (2017) (citing *Kingsley v. Hendrickson*, 576 U.S. ___, 135 S. Ct. 2466, 2474 (2015)). Because this is a motion for summary judgment, those facts are viewed in the light most favorable to Plaintiff. *Id.*

"[F]or a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.*, 137 S. Ct. at 551 (quoting *Mullenix v. Luna*, ___ U.S. ___, 136 S. Ct. 305, 308 (2015)). "'[C]learly established law' may not be defined at [] 'a high level of generality.'" *Arrington-Bey v. Cty. of Bedford Heights*, 858 F.3d 988, 992 (6th Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S. Ct. 2074, 2084 (2011)). "The Supreme Court recently reminded us that a plaintiff must identify a case with a similar fact pattern that would have given 'fair and clear warning to officers' about what the law requires." *Id.* (quoting *White*, 137 S. Ct. at 552).

In opposition to Defendants' motion for summary judgment, Plaintiff filed a brief and a declaration. Plaintiff simply relies on his declaration and cites the cases outlining the general standards for the various claims he makes in his complaint. (ECF No. 53 at PageID.414.) These arguments fail to meet the standard necessary to overcome qualified immunity set forth in *White* because they do not cite cases that present fact patterns that would have given "fair and clear warning to" Defendants. *White*, 137 S. Ct. at 552.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's objection to the Report and Recommendation (ECF No. 58) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 56) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 43) is **GRANTED.**

A separate judgment will enter.

This case is concluded.


Dated: August 31, 2017                                   /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE